Carlo NOVELLA, on his own behalf and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

EMPIRE STATE CARPENTERS PENSION FUND, as successor of the Westchester County, New York Carpenter's Pension Fund, and The Board of Trustees of the Empire State Carpenters Pension Fund, as administrator of the fund, Defendants–Appellees.

No. 09–1760–cv.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

Edgar Pauk, Brooklyn, NY, for Plaintiff–Appellant.

Owen M. Rumelt, Levy Ratner, P.C., New York, NY, Allison A. Madan, Alex-

andra A. Tsiros, Christopher J. Schulte, Slevin & Hart, P.C., Washington, D.C., for Defendants–Appellees.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Carlo Novella appeals from the District Court's order denying his motion for summary judgment and granting summary judgment in favor of defendants-appellees Empire State Carpenters Pension Fund, as successor of the Westchester County, New York Carpenter's Pension Fund, and The Board of Trustees of the Empire State Carpenters Pension Fund, (jointly, "defendants") in Novella's action to increase his disability pension pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq. ("ERISA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Novella first alleges that his cause of action for pension credits due to his receipt of workers' compensation benefits is timely because (1) it accrued in 2004, not in 1997, as the District Court erroneously held; or, alternatively, (2) the dismissal of the workers' compensation claims for failure to exhaust in the first appeal tolled the statute of limitations. On the merits, Novella argues that the District Court erred in upholding defendants' interpretation of the retirement fund Pension Plan because that interpretation violates ERISA.

Defendants respond that: (1) the District Court correctly held Novella's claim is barred by the statute of limitations; (2) Novella was not entitled to receive pension credits on account of his receipt of workers' compensation benefits under the Pension Plan; and, (3) the District Court correctly held that Novella's pension benefits were not miscalculated.

We review *de novo* the District Court's decision to grant summary judgment, and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See, e.g., Holcomb v. Iona College,* 521 F.3d 130, 137 (2d Cir.2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n,* 182 F.3d 157, 160 (2d Cir.1999). We will affirm the grant of summary judgment below "if the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999) (internal quotation marks omitted).

Substantially for the reasons stated in its well-reasoned order of March 26, 2009, we agree with the District Court that, regardless of whether Novella's claim is timely, "it would fail on the merits." *Novella v. Empire State Carpenters Pension Fund,* 2009 WL 812271, at *4 (S.D.N.Y. 2009). In these instances, we need not address other questions raised by plaintiff's appeal, including those issues of the statute of limitations, timeliness, or exhaustion.

### CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.